# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GRACE M. SANCHEZ, | ) | Case No. CV 12-04308-JEM |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | AFFIRMING DECISION OF THE |
| | ) | COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## PROCEEDINGS

On May 24, 2012, Grace M. Sanchez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on September 10, 2012. On February 19, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 53 year old female who applied for Supplemental Security Income benefits on August 26, 2009.  (AR 24.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since the application date.  (AR 26.)

Plaintiff's claim was denied initially on December 23, 2009.  (AR 24.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joel B. Martinez on November 23, 2010, in Pasadena, California.  (AR 24.)  Claimant appeared and testified at the hearing and was represented by counsel.  (AR 24.)  Vocational expert ("VE") Gail Maron also appeared and testified at the hearing.  (AR 24.)

The ALJ issued an unfavorable decision on December 20, 2010.  (AR 24-31.)  The Appeals Council denied review on March 29, 2012.  (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1.      Whether the ALJ correctly considered the opinions of the treating physicians.

2.      Whether the ALJ provided clear and convincing reasons for rejecting Grace Sanchez's subjective testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error.  Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance."  Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

3

1   Before making the step four determination, the ALJ first must determine the claimant's

2   residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  Residual functional capacity

3   ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an

4   assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

5   The RFC must consider all of the claimant's impairments, including those that are not severe.

6   20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

7   If the claimant cannot perform his or her past relevant work or has no past relevant work,

8   the ALJ proceeds to the fifth step and must determine whether the impairment prevents the

9   claimant from performing any other substantial gainful activity.  Moore v. Apfel, 216 F.3d 864,

10  869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four,

11  consistent with the general rule that at all times the burden is on the claimant to establish his or

12  her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established

13  by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

14  other gainful activity.  Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support

15  a finding that a claimant is not disabled at step five, the Commissioner must provide evidence

16  demonstrating that other work exists in significant numbers in the national economy that the

17  claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

18  § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and

19  entitled to benefits.  Id.

20  **THE ALJ DECISION**

21  In this case, the ALJ determined at step one of the sequential process that Plaintiff has

22  not engaged in substantial gainful activity since August 26, 2009, the application date.  (AR 26.)

23  At step two, the ALJ determined that Plaintiff has the following combination of medically

24  determinable severe impairments: a 5 mm focal disc extrusion at L4-5, disc bulging at L3-4, and

25  discogenic disease.  (AR 26.)

26  At step three, the ALJ determined that Plaintiff does not have an impairment or

27  combination of impairments that meets or medically equals one of the listed impairments.  (AR

28  26-27.)

The ALJ then found that Plaintiff has the RFC to perform light work with the following limitations:

> Claimant can perform postural activities occasionally, cannot climb ladders, ropes or scaffolds, cannot work around heights and hazards, and cannot be exposed to extreme temperatures.

(AR 27-30.)  In determining this RFC, the ALJ made an adverse credibility determination.  (AR 27.)

At step four, the ALJ found that Plaintiff has no past relevant work.  (AR 30.)  At step five, however, the ALJ found that, considering the Claimant's age, education, lack of work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including ticket taker, hand cloth folder, and cafeteria attendant. (AR 30-31.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act since August 26, 2009, the date the application was filed.  (AR 31.)

## DISCUSSION

The ALJ decision must be affirmed.  The ALJ properly rejected the opinion of Plaintiff's treating physician.  The ALJ also properly discounted Plaintiff's credibility.

The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

## I.   THE ALJ PROPERLY REJECTED THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN

Plaintiff contends that the ALJ improperly rejected the opinion of Dr. Sarkisian, Plaintiff's treating physician.  The Court disagrees.

### A.   Relevant Federal Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians).  See 20

1  C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  In

2  general, an ALJ must accord special weight to a treating physician's opinion because a treating

3  physician "is employed to cure and has a greater opportunity to know and observe the patient

4  as an individual."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  If

5  a treating source's opinion on the issues of the nature and severity of a claimant's impairments

6  is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is

7  not inconsistent with other substantial evidence in the case record, the ALJ must give it

8  "controlling weight."  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

9      Where a treating doctor's opinion is not contradicted by another doctor, it may be

10  rejected only for "clear and convincing" reasons.  Lester, 81 F.3d at 830.  However, if the

11  treating physician's opinion is contradicted by another doctor, such as an examining physician,

12  the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons,

13  supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31; see also Orn, 495

14  F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Where a treating

15  physician's opinion is contradicted by an examining professional's opinion, the Commissioner

16  may resolve the conflict by relying on the examining physician's opinion if the examining

17  physician's opinion is supported by different, independent clinical findings.  See Andrews v.

18  Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632.  Similarly, to reject an

19  uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing

20  reasons.  Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  If an examining physician's

21  opinion is contradicted by another physician's opinion, an ALJ must provide specific and

22  legitimate reasons to reject it.  Id.  However, "[t]he opinion of a non-examining physician cannot

23  by itself constitute substantial evidence that justifies the rejection of the opinion of either an

24  examining physician or a treating physician"; such an opinion may serve as substantial

25  evidence only when it is consistent with and supported by other independent evidence in the

26  record.  Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

27

28

6

1      **B.     Analysis**

2            Plaintiff testified that she had neck disc and back problems (AR 27) and was determined

3      to have the medically determinable impairments of disc extrusion and bulging and discogenic

4      disease.  (AR 26.)  Plaintiff claims that she can walk but 30 minutes, stand but one hour, and sit

5      but 1.5 hours.  (AR 27.)  Her treating physician, Dr. Jack Sarkisian, opined that Claimant could

6      sit, stand and walk less than 2 hours a day due to low back pain, cervical radiculopathy, and

7      pain in the legs.  (AR 28, 295.)  Dr. Sarkisian's physical capacities assessment would have

8      resulted in a finding of disability under Rule 201.09 of the Medical-Vocational Guidelines,

9      according to Plaintiff.  The ALJ, however, rejected Dr. Sarkisian's opinion for specific, legitimate

10     reasons.

11           First, the ALJ found that Dr. Sarkisian's opinion was not supported by the "minimal

12     objective findings" in the record.  (AR 28.)  An ALJ may reject a treating physician's opinion

13     whether or not it is contradicted.  Magallanes, 881 F.2d at 751.  As Claimant herself notes (JS

14     5), a recent MRI performed on April 10, 2010, revealed moderate discogenic disease.  (AR 28,

15     322.)  An MRI dated February 22, 2005, revealed moderate narrowing of the spinal canal and

16     dural sac without causing cord compression, moderately severe foraminal stenosis, and mild

17     disc bulging.  (AR 281.)  An MRI from March 21, 2002, revealed moderate spinal canal stenosis

18     and moderate neural foraminal narrowing.  Claimant stresses the primacy of treating physician

19     opinions, but never explains how Dr. Sarkisian's limitations in excess of the ALJ's RFC are

20     justified in view of the MRI findings.  Claimant cites Dr. Sarkisian's treatment notes that found

21     neuropathy (AR 301, 302, 321), but the notes are not supported by objective medical evidence

22     that would substantiate more restrictive limitations than the ALJ's RFC.  (AR 28.)  Claimant also

23     points to an MRI that revealed spondylosis (AR 294), but the radiologist noted no evidence of

24     compression, intervertebral spaces were not compromised and there were no abnormalities

25     demonstrated with the hands.  (AR 294.)  Further undermining Dr. Sarkisian's opinion is his

26     conservative treatment — Claimant never underwent surgery, had but one epidural injection

27     (AR 28), and was never referred to orthopedic specialists for further treatment and evaluation.

28

1  (AR 29.)  Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (opinion of treating physician

2  properly rejected because physician prescribed only conservative treatment).

3       Second, three physicians assessed Claimant with a light work RFC with limitations.  Dr.

4  Neeraj Gupta, an internal medicine consulting examiner, examined Claimant in December

5  2009.  (AR 28, 224-229.)  Although Dr. Gupta found reduced range of motion in Claimant's

6  neck and back, she had negative straight leg raising, no tenderness in her back, good muscle

7  tone, full strength in all extremities, and walked with a normal gait.  (AR 28, 227-229.)  Claimant

8  was able to stand on her heels and toes, and perform tandem gait.  (AR 28, 228.)  She had no

9  trouble getting in and out of her chair.  (AR 28, 226.)   The ALJ interpreted Dr. Gupta's findings

10  as not showing "significant abnormalities."  (AR 29.)  Dr. Gupta's opinions and findings,

11  because they are based on his own independent examination, constitute substantial evidence.

12  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

13       Dr. C. Friedman, a State agency reviewer, reviewed the medical evidence of record and

14  found that Plaintiff could perform light work with limitations.  (AR 28, 236-240.)  The ALJ

15  generally adopted Dr. Friedman's opinion because it is consistent with the record as a whole

16  and "correlates with the minimal objective findings."  (AR 28.)  Although he is a non-examining

17  physician, Dr. Friedman's opinion constitutes substantial evidence because it is consistent with

18  independent clinical findings and other evidence of record.  Thomas, 278 F.3d at 957.

19       Claimant also was examined by Dr. Sanjay Sharma in July 2010.  (AR 28, 312-315.)  Dr.

20  Sharma noted that Claimant had no pain or swelling in the neck, no musculoskeletal swelling,

21  weakness, numbness, or muscle pain, and no pain with walking.  (AR 28.)  The ALJ found that

22  Dr. Sharma's examination shows "fairly normal findings and do not demonstrate any pathology

23  that would limit the claimant to less than 2 hours total of either sitting or standing."  (AR 28-29.)

24       Plaintiff relies heavily on Dr. Sarkisian's treating physician status and disagrees with

25  Dr. Friedman's assessment of the medical evidence, which Plaintiff believes establishes more

26  restrictive limitations than the ALJ's RFC.  Yet it is the ALJ who is responsible for resolving

27  conflicts in the medical evidence.  Andrews, 53 F.3d at 1039; Magallanes, 881 F.2d at 750.

28

1   Here, the ALJ's interpretation was reasonable and should not be second-guessed.  Rollins, 261

2   F.3d at 857.

3        Plaintiff also attacks Dr. Gupta's opinion because it was based on a one-time

4   examination and Dr. Gupta did not review the entirety of Claimant's medical records.  This

5   criticism loses force in the face of three separate opinions from physicians who found no basis

6   for more restrictive limitations than the ALJ's RFC.  Plaintiff never explains why Ms. Sanchez

7   did not exhibit the claimed more restrictive limitations on examination by Dr. Gupta and

8   Dr. Sharma.  In fact, Plaintiff does not address or even mention Dr. Sharma's findings and

9   opinions.  Plaintiff, moreover, is incorrect in stating that the ALJ "afforded no weight" to

10  Dr. Sarkisian's opinion.  (JS 8.)  The ALJ found Dr. Sarkisian's opinion merits "less weight" than

11  the opinions of Dr. Gupta, Dr. Friedman and Dr. Sharma.  (AR 28-29.)  As already stated, the

12  ALJ's interpretation of the medical evidence is reasonable and should not be second-guessed.

13  Rollins, 261 F.3d at 857.

14       Subsequent to the ALJ's opinion, Claimant submitted to the Appeals Council on May 23,

15  2011, a four page opinion from Dr. Hakop Mkhsyan.  (AR 339-343.)  Dr. Mkhsyan found that

16  Ms. Sanchez could walk no more than half a block and could never sit for more than fifteen

17  minutes at a time or stand for more than ten minutes at a time.  (AR 341.)  Dr. Mkhsyan's

18  opinion is not supported by any objective clinical findings or treatment notes.  The Appeals

19  Council made the new medical evidence part of the record (AR 5), but after considering the new

20  evidence found that it did not provide a basis for changing the ALJ decision.  (AR 1-2.)  When

21  the Appeals Council denies review, the ALJ decision becomes the final decision of the

22  Commissioner subject to substantial evidence review.  Taylor v. Comm'r of Soc. Sec. Adm.,

23  659 F.3d 1228, 1231 (9th Cir. 2011).  Both Dr. Mkhsyan's opinion and Dr. Sarkisian's opinion

24  are not supported by the objective medical evidence, which is more consistent with the

25  opinions, findings and the light work RFC assessments of Dr. Gupta, Dr. Friedman and

26  Dr. Sharma.  The ALJ's interpretation of the medical evidence is reasonable and should not be

27  second-guessed.  Rollins, 261 F.3d at 857.

28

1    The ALJ properly rejected Dr. Sarkisian's opinion for specific, legitimate reasons

2    supported by substantial evidence.

3    **II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

4    Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility.  The Court

5    disagrees.

6    **A.    Relevant Federal Law**

7    The test for deciding whether to accept a claimant's subjective symptom testimony turns

8    on whether the claimant produces medical evidence of an impairment that reasonably could be

9    expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341,

10   346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen v. Chater, 80 F.3d at 1281-82

11   esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of

12   symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157

13   F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not

14   credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947

15   F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude

16   that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see

17   also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46.  Unless there is evidence of

18   malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's

19   symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80

20   F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is

21   not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80

22   F.3d at 1284.

23   **B.    Analysis**

24   In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable

25   impairments reasonably could be expected to cause her alleged symptoms.  (AR 27.)  The ALJ,

26   however, found that Plaintiff's statements regarding the intensity, persistence and limiting

27   effects of these symptoms were not entirely credible to the extent they are inconsistent with the

28   ALJ's RFC assessment.  (AR 27.)  Because the ALJ did not make a finding of malingering, he

1  was required to provide clear and convincing reasons supported by substantial evidence to

2  discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

3       First, the ALJ found that the objective medical evidence did not substantiate Claimant's

4  subjective symptom allegations.  (AR 27, 29.)  An ALJ is entitled to consider whether there is a

5  lack of medical evidence to corroborate a claimant's alleged pain symptoms so long it is not the

6  only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81

7  (9th Cir. 2005); Thomas, 278 F.3d at 959.  Here the ALJ found that the medical evidence was

8  "sparse" and does not adequately support the Claimant's various allegations, including her

9  complaints of hand pain.  (AR 29.)  The Court already has concluded that the medical evidence

10  does not support greater limitations than those assessed in the ALJ's RFC.  Thus, substantial

11  evidence supports the ALJ's finding that Plaintiff's claimed limitations are not supported by the

12  objective medical evidence.

13       Second, the ALJ found that Plaintiff's "history of conservative treatment with medications

14  and one injection is not consistent with her many pain complaints."  (AR 29.)  There was also no

15  evidence of referral to orthopedic specialists for further evaluation and treatment.  (AR 29.)

16  Conservative treatment is a valid factor in assessing credibility.  Tommasetti v. Astrue, 533 F.3d

17  1035, 1039-40 (9th Cir. 2008).

18       Third, the ALJ found that Plaintiff's alleged limitations were inconsistent with her daily

19  activities, a legitimate factor in assessing credibility.  Bunnell, 947 F.2d at 345-46.  Here,

20  Plaintiff acknowledged she could do light household chores without assistance.  (AR 29, 190.)

21  Additionally, the father of Plaintiff's son reported that Plaintiff generally could do activities of

22  daily living and took good care of her children.  (AR 29-30.)  The ALJ found that Mr. Martinez's

23  statements do not support Claimant's allegations of disabling symptoms.  (AR 30.)  Plaintiff's

24  daily activities, even if they do not prove that she could return to work, do suggest that the

25  alleged severity of her limitations was exaggerated.  See Valentine v. Astrue, 574 F.3d 685, 694

26  (9th Cir. 2009).

27       Although Plaintiff disputes these findings, it is the ALJ's responsibility to resolve

28  ambiguities in the record, Andrews, 53 F.3d at 1039, and where the ALJ's interpretation of the

evidence is reasonable as it is here, it should not be second-guessed.  <u>Rollins</u>, 261 F.3d at 857. The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantia evidence.

* * *

The ALJ properly rejected the opinion of Plaintiff's treating physician and properly discounted Plaintiff's credibility.  The ALJ's RFC is supported by substantial evidence.  The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.


DATED: <u>March 18, 2013 </u>                         <u>       /s/ John E. McDermott       </u>
                                                                   JOHN E. MCDERMOTT
                                                                   UNITED STATES MAGISTRATE JUDGE